IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SHARON MONTGOMERY
     **Plaintiff**

   **v.**                  CIVIL ACTION NO: 2:05cv545

COMMISSIONER OF SOCIAL SECURITY,

     **Defendant.**

*MEMORANDUM OPINION & ORDER*

   This case is before the Court on cross motions for summary judgment, pursuant to Rule 56 of the Federal Rule of Civil Procedure. Sharon Montgomery ("Plaintiff") objects to the Magistrate Judge's Report and Recommendation that the final decision of the Commissioner ("Defendant") denying Plaintiff social security benefits be affirmed. Defendant submits that its decision was supported by substantial evidence and requests that the Magistrate Judge's Report and Recommendation be adopted. For the reasons set forth below, Plaintiff's motion for summary judgment is **DENIED**. Defendant's motion for summary judgment is **GRANTED**. Accordingly, the Magistrate Judge's Report and Recommendation is **ADOPTED** and the decision of the Administrative Law Judge ("ALJ") is **AFFIRMED**.

## I. FACTUAL & PROCEDURAL HISTORY

   The facts and administrative procedural background are adopted as set forth in the Magistrate Judge's Report and Recommendation. On July 27, 2002, Plaintiff filed an application for disability insurance benefits with the Department of Health and Human Services of the Social Security Administration. Plaintiff injured her right shoulder and arm in a motor vehicle accident

in 1986. Plaintiff alleged an onset of disability as of August 22, 1986, due to the shoulder pain resulting from the motor vehicle accident. The Social Security Administration denied her application on August 22, 2002. Her application was also denied on appeal for reconsideration on November 24, 2002. Plaintiff requested a hearing before the Administrative Law Judge ("ALJ") of the Social Security Administration, which was held on July 12, 2004.

On July 23, 2004, the ALJ issued a decision. The ALJ found that Plaintiff was not entitled to disability benefits because she was not under a "disability" as defined by the Social Security Act. The ALJ further found Plaintiff is capable of performing work that exists in significant numbers in the national economy. The Appeals Council of the Office of Hearings and Appeals of the Social Security Administration denied review of the ALJ's decision on July 23, 2005. This made the ALJ's decision the "final decision" of the Commissioner subject to judicial review under 42 U.S.C.§405(g) (2000). The procedural history in this Court follows.

On September 13, 2005, Plaintiff filed a complaint under 42 U.S.C.§405(g) (2000) seeking judicial review of the decision of the Commissioner denying her claims for a period of disability and disability insurance benefits. Defendant answered on December 7, 2005. Plaintiff filed a motion for summary judgment with a supporting memorandum on February 10, 2006. Defendant filed a motion for summary judgment and supporting memorandum on March 13, 2006. The Magistrate Judge issued a Report and Recommendation on February 8, 2007, recommending that the final decision of the Commissioner be affirmed. On February 21, 2007, Plaintiff filed objections to the findings and recommendations of the Magistrate Judge. Defendant filed a response to Plaintiff's objections to the Magistrate Judge's Report and Recommendation on March 5, 2007. This matter is now ripe for judicial determination.

## II.  LEGAL STANDARD

**1.    De Novo Review**

When the Plaintiff objects to the Magistrate Judge's Report and Recommendation, the Court must review the relevant findings by the Magistrate Judge *de novo*.  The Court must then examine the Commissioner's decision and determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Consolidated Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938), *quoted in Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This standard requires more than a mere scintilla of evidence, but need not meet the threshold of preponderance of the evidence.  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

**2.    Summary Judgment**

Rule 56(c) provides for summary judgment if the Court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  In deciding a motion for summary judgment, the Court must view the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party, here Plaintiff.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).  To defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that there is in fact a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  The Court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Id.* at

322.

3. **Substantial Evidence**

When reviewing the record to determine if the Commissioner's decision was supported by substantial evidence, the Court does not re-weigh conflicting evidence, substitute its judgment for that of the Commissioner, or make credibility determinations. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). A decision will only be reversed if no reasonable mind could find the record adequate to support the denial of benefits. *Richardson*, 402 U.S. at 401. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or on the Commissioner's designate, the ALJ)." *Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Therefore, the Court must determine whether the Commissioner's decision was based on proper application of relevant law and supported by substantial evidence. *Richardson*, 402 U.S. at 401; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III. ANALYSIS

Plaintiff raises four arguments in her motion for summary judgment as reasons Defendant's decision should be vacated. First, Plaintiff asserts that the ALJ improperly evaluated the medical evidence on the record, specifically ignoring objective testing which revealed weakness in her right hand grip and extreme pain resulting from her medical condition. Second, Plaintiff contends that the opinion of her treating physicians was improperly rejected. Third, Plaintiff argues that the ALJ improperly concluded the that positions of sorter, cashier and cafeteria attendant are appropriate positions for her. Finally, Plaintiff asserts that the ALJ

improperly rejected her testimony regarding her functional capacity.

The Magistrate Judge rejected all of Plaintiff's arguments and recommended that the final decision of the Commissioner be affirmed. Plaintiff objects to the Magistrate Judge's Report and Recommendation as follows: (1) Plaintiff objects to the Magistrate Judge's findings that the ALJ was proper in concluding that Plaintiff's pain would not affect her ability to work and, (2) Plaintiff also objects to the Magistrate Judge's finding that Plaintiff is capable of working a forty hour job. Plaintiff asserts specifically, that not only are these findings unsupported by the record, but that there is direct and substantial evidence to the contrary .

**A.     Evaluation of Medical Records**

Plaintiff argues that the ALJ failed to properly evaluate and review the medical evidence establishing Plaintiff's inability to work. The ALJ considered the opinion of no less than three doctors who treated and evaluated Plaintiff. First, the ALJ reviewed and specifically referenced the consultative orthopedic examination for the Division of Disability Determination done on July 29, 2002 (opinion of Dr. William Cheatham) who noted that Plaintiff's right shoulder was restricted and that she had a lot of pain in her right upper extremity during testing. (R. 19.) Dr. Cheatam also found, however, that Plaintiff's other joint groups and range of motion were within normal limits and her grip strength was 5/5(full) on both sides. (R. 19.) This evaluation also concluded that Plaintiff had a full range of motion in her cervical spine and demonstrated no difficulty with using her right hand. (R. 19.) Next, as discussed in detail below, the ALJ properly considered the treatment notes of Dr. James Dillon who referred Plaintiff to Dr. Bonnie Nock. The ALJ evaluated Dr. Nock's opinion that Plaintiff was limited in her ability to sit, stand or walk. (R. 19.)

Plaintiff also asserts that the ALJ disregarded her testimony and complaints about her physical ailments.  Contrary to Plaintiff's assertion, the ALJ explicitly considered her testimony and her complaints that she was unable to engage in her usual hobbies and recreational activities as well as her complaints of continuing physical pain.  The ALJ specifically states: "Ms. Montgomery's subjective complaints of pain are noted throughout the medical record and the objective medical evidence established the presence of an underling physical impairment capable of causing some degree of pain and symptoms alleged." (R. 21.)  However, as properly noted by the Magistrate Judge, because the medical evidence did not alone substantiate Plaintiff's statements about her symptoms, the ALJ also considered and found that other relevant information beared on the issue including, among others things, medical laboratory findings; diagnosis and other medical opinions; statements and reports; responses to treatment; and Plaintiff's daily activities.  For example, as noted by the Magistrate Judge, the ALJ's decision took into account the fact that, after her first appointment with Dr. Nock, Plaintiff had full strength, sensation and reflexes in her upper extremities with limited cervical and thoracic range of motion. (R. 19.)  Additionally, the ALJ noted that Plaintiff's ability to participate in a range of daily activities undermined her testimony regarding pain and her inability to work.  After such consideration, the ALJ concluded that "the medical evidence reflects minimal clinical and objective findings to support the degree of pain Ms. Montgomery alleges." (R. 23.)  The Court's review of the record finds that the ALJ properly reviewed and considered all of the relevant factors and that there is substantial evidence on the record to support his determination that Plaintiff is not disabled.  The Court agrees and adopts the Magistrate Judge findings.

B. **Plaintiff's Testimony**

As mentioned, Plaintiff argues that the ALJ improperly rejected her testimony after concluding that it was only partially credible, ultimately lending little weight to her statements regarding the pain she experiences. Plaintiff testified that her symptoms and the pain that accompanies many of her activities limits her functional capacity, rendering her disabled.

A claimant's pain and other symptoms shall not alone be conclusive evidence of disability because "pain is not disabling per se, and subjective evidence of pain cannot take precedence over objective medical evidence or the lack thereof." *Craig*, 76 F.3d at 592. In determining whether an individual is disabled, consideration is given to symptoms including pain as well as objective medical evidence, laboratory findings which show the existence of medical impairments which could reasonably be expected to produce pain or other symptoms alleged and which, when considered with all of the other evidence, would lead to a conclusion that the individual is disabled. *See id.*

In the instant case, the ALJ, in evaluating Plaintiff's claim, properly considered evidence on the record of Plaintiff's statements and testimony about her pain and thus, her limited capacity to work. In evaluating the credibility of Plaintiff's testimony, the ALJ began his evaluation by acknowledging that Plaintiff has degenerative cervical disease. Moreover, the ALJ reviewed and considered the results of Dr. Nock's questionnaire. The ALJ found that Dr. Nock's report had little evidentiary weight because it was in a form of a checklist and Dr. Nock had a limited treatment relationship with the Plaintiff. (R. 21.) Next, the ALJ evaluated the opinion of Dr. Dillon who noted that Plaintiff was experiencing mild weakness and slightly diminished reflexes in her right upper extremity muscle group. (R. 19.) Finally, the ALJ also

considered what he found to be inconsistent testimony by Plaintiff, where she stated that she was able to perform some cooking, cleaning and other housework and daily activities. (R. 201, 205.) After considering all of the evidence in the record, the ALJ concluded that Plaintiff failed to "substantiate her pain is of the degree and intensity alleged" and that while Plaintiff's impairment is severe, she does not have an impairment or combination of impairments with the same specific attendant clinical findings that are medically equal in severity to those of any impairments" that render her disabled. (R. 22.) This Court agrees and adopts the Magistrate Judge's finding that the ALJ properly evaluated Plaintiff's testimony and properly concluded, given the significant evidence on the record, that Plaintiff's pain and/or symptoms do not render her disabled.

C.      **Weight of Treating Physician's Opinions**

The regulations provide that the findings of the treating physicians as to the severity of an impairment be accorded controlling weight if they are well-supported by medically accepted clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence on the record.  *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  However, if the treating physicians' opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590.  "Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

While Plaintiff contends that the ALJ erroneously rejected the opinions of the treating physicians, the record shows that the contrary is true. The ALJ explicitly states that he evaluated

the notes of Dr. Dillon dated March 2004.  Dr. Dillon noted the presence of cervical paraspinous muscle spasm, limited cervical range of motion, mile weakness, and diminished reflexes in her right upper extremity muscle groups.  (R. 19.)  Dr. Dillon recommended further diagnostic testing.  Plaintiff was referred to Dr. Nock for physical medicine and rehabilitation consultation.  Again, Dr. Nock noted that Plaintiff had full strength, sensation and reflexes in her upper extremities, with limited cervical and thoracic range of motion, and trigger points in her right upper scapular region.  (R. 19.)  Dr. Nock provided trigger point injections and recommended myofacial therapy; however, Plaintiff continued to have pain despite these treatments.  (R. 19.)  On May 3, 2004, Dr. Nock prepared a note for physical therapy describing Plaintiff's prognosis as "good." (R. 175-76.)  Moreover, the ALJ noted that on May 18, 2004, the EMG/NCS, a nerve condition study, yielded normal results (Ex. 6F, 7F, 9F) (R. 19.)   Finally, the ALJ also considered Dr. Nock's check box physical residual functional capacity evaluation form and pain questionnaire.  (R. 178-82.)  On the form, Dr. Nock indicated, among other things, that Plaintiff was limited to forty-five minutes a day of sitting and twenty minutes a day of standing, with an overall ability to sit for less than two hours in an eight-hour workday and stand or walk for less than two hours in an eight-hour workday.  (R. 179-80.)  Dr. Nock also opined that Plaintiff required a job that would accommodate a sit or stand option at her will, and she required three-to-four fifteen-to-twenty minutes breaks per day and that generally, Plaintiff would have side effects from medication that would affect her ability to perform effectively in a work setting. (R. 180-81.)

      Plaintiff argues that the ALJ erred in rejecting the treating source opinions of Dr. Dillon and Dr. Nock which essentially determined that she could perform less than sedentary work.

When a treating source's opinion does not receive controlling weight, the regulations state the factors to be applied in determining the weight to give the opinion. 20 C.F.R. § 404.1527(d). These factors include the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record, the specialization of the physician, and other factors that may support or contradict the opinion. *Id.* The ALJ explained that "the [ALJ] gives little weight to Dr. Nock's opinion that the claimant can perform markedly less than sedentary work because the opinion is unsupported by the evidence and is inconsistent with the [Plaintiff's] actual activities of daily living which indicate lifting, standing and sitting in excess of that checked by Dr. Nock." (R. 22.) Moreover, the ALJ also noted that Dr. Nock's opinion was presented in "merely a check form prepared at the request of the attorney for purposed of this decision. It was not completed in the normal course of treatment." (R. 22.) Importantly, the ALJ noted that "Dr. Nock first saw [Plaintiff] on March 26, 2004, and indicated she had been seen 'monthly' through the date of the form, June 7, 2004. Thus, Dr. Nock's familiarity with the [Plaintiff] and her condition is actually quite limited." (R. 22.)

As required, the ALJ considered and evaluated Dr. Dillon and Dr. Nock's opinion prior to reaching his conclusion. The Magistrate Judge properly noted that the ALJ only rejected those opinions upon consideration of the evidence to the contrary under §404.1527(d). Again, the ALJ considered Plaintiff's testimony that she was able to complete some daily living activities including limited lifting, standing and sitting in excess of that checked by Dr. Nock. (R. 22.) As previously mentioned, the ALJ also specifically discounted Dr. Nock's opinion because as opposed to being presented as an evaluation completed in the normal course of

treatment explaining the finding, the opinion was present in the form of a checklist provided at the request of Plaintiff's attorney for the purposes of the court's decision. (R. 22.) Therefore, as demonstrated by the ALJ, after proper evaluation and consideration of the treating source opinion in this case, there was more than substantial evidence on the record to reject the treating physicians' opinion. The Court adopts the Magistrates Judge's finding that the ALJ properly found that Plaintiff is not disabled.

D.      **Vocational Expert Opinion**

Finally, Plaintiff maintains that the ALJ erred in accepting Ms. Bryers', the Vocational Expert's, opinion that the jobs of sorter, cafeteria attendant, and cashier are appropriate for her. Specifically, Plaintiff contends that Ms. Bryers' conclusion that Plaintiff can work full time jobs that do not allow breaks at the employee's discretion is inconsistent with Dr. Nock's finding that Plaintiff is incapable of working without the opportunity to take unscheduled breaks. [1] The Court concedes that Ms. Bryers' conclusion is inconsistent with Dr. Nock's finding regarding Plaintiff's capacity to work. The ALJ's decision to accept Ms. Bryers' opinion was, however, based on evidence in the entire record. This included, as previously discussed, the ALJ decision to accord little weight to Dr. Nock's check box opinion questionnaire and finding Plaintiff's testimony regarding her limitations lacked credibility. In according little weight to Dr. Nock's opinion and Plaintiff's testimony regarding her limitations, the ALJ properly accepted the opinion of Ms. Bryers which was based upon the depiction consistent with that of Plaintiff: an individual between the ages of 50 and 54, limited education, no relevant work history and who could perform light work that would require occasional stooping and only occasional overhead

---

[1]Plaintiff does not challenge the validity of the hypothetical posed to Ms. Bryers.

reaching with either upper extremity. (R. 210.) Accordingly, the ALJ correctly accepted the opinion of Ms. Bryers regarding the possible jobs Plaintiff is capable of performing. The Court finds that the Magistrate Judge properly affirmed the ALJ's finding because it is supported by substantial evidence in the record that Plaintiff has the residual functional capacity[2] to perform a significant range of light work. (R. 24.) The Court adopts the Magistrate Judge's Report and Recommendation regarding Plaintiff's ability to work on a regular and continuing basis in a range of suitable positions as suggested by Ms. Bryers.

## IV. CONCLUSION

Having addressed Plaintiff's arguments and objections to the Magistrate Judge's Report and Recommendation, the Court does hereby **ADOPT** the findings and recommendations set forth in the report. Defendant's motion for summary judgment is **GRANTED**. Plaintiff's motion for summary judgment is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this **ORDER** to the parties.

**IT IS SO ORDERED**.

_____/s/_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 26, 2007

---

[2]Residual functional capacity is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule ." SRR-96-8p.